UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

POOL DEALS, LLC,

      Plaintiff,

v.                                                         20-CV-47 (JLS)

UNITED PARCEL SERVICE, INC.,

      Defendant.

---

## DECISION AND ORDER

Plaintiff Pool Deals, LLC ("Pool Deals") moved to redact portions of the transcript of the March 3, 2020 preliminary injunction hearing in this case. *See* Dkt. 59. Defendant United Parcel Service, Inc. does not oppose this motion. For the following reasons, the Court grants Pool Deals' motion.

Pool Deals is a privately-held company and an online retailer of pool products. *See* Dkt. 59-1, at 1 ¶ 2, 2 ¶ 9. Pool Deals fulfills most of its sales through third-party suppliers. *See id.* at 1 ¶ 3. Because its business model depends on third-party suppliers, Pool Deals' relationship with those suppliers is critical to maintaining its market share and continued success in the online swimming pool retail sector. *See id.* at 1 ¶ 4. To protect these relationships, Pool Deals keeps its suppliers' identities secret. *See id.* at 2 ¶¶ 5-7.

The First Amendment affords the public a qualified right of access to court proceedings and their related records. *See N.Y. Civil Liberties Union v. N.Y. City Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012); *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Accordingly, the Court may restrict public access to records of its proceedings only after making "specific, on the record findings . . . demonstrating that [restriction] is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (internal quotations omitted). Because Pool Deals asks the Court to redact portions of the transcript of court proceedings, the First Amendment's presumptive right of access applies. *See N.Y. Civil Liberties Union*, 684 F.3d at 298.

First, Pool Deals seeks to redact the identity (individual and company names) of the referenced supplier. *See* Dkt. 59-1, at 2 ¶ 8; Dkt. 59-2, at 4, 5, 7. For the reasons stated in the declaration of Pool Deals' president, restricting public—and competitor—access to this information is essential to protect Pool Deals' market share. *See* Dkt. 59-1, at 1-2 ¶¶ 4-7; *see also Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, No. 17-cv-147, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (concluding that information related to "supplying processes" and "supplier lists" were "within the scope of protected trade secrets" where the owner made "reasonable effort to maintain their secrecy"). And the redactions Pool Deals seeks, which are limited to the individual's and company's names, are narrowly tailored to protect Pool Deals' interest in secrecy.

Second, Pool Deals seeks to redact its financial information that appears in the transcript. *See* Dkt. 59-1, at 2 ¶ 9. Because Pool Deals is a privately held company, the public's right of access to its financial information is weak and does

not outweigh Pool Deals' interest in keeping such information private.  *See In re Keurig Green Mountain Single-Serve Coffee Anti-Tr. Litig.*, No. 14-MC-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) ("Financial records of a wholly owned business . . . will weigh more heavily against access than conduct affecting a substantial portion of the public." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (internal quotations omitted)).  Pool Deals seeks to redact only the dollar amount of its 2019 revenue and the dollar amount of its 2018 profits.[1] *See* Dkt. 59-1, at 2 ¶ 9; Dkt. 59-2, at 3, 6.  Therefore, these redactions are narrowly tailored to protect Pool Deals' interest in confidentiality.

The Court recognizes that Pool Deals' motion seeks to seal information that was stated on the record at a public court proceeding.  This fact does not inhibit the Court's ability to redact limited portions of the transcript.  *See In re Keurig*, 2014 WL 12772236, at *1-*2 (granting motion to seal portions of transcript of proceedings that occurred in open courtroom); *Exelis, Inc. v. SRC, Inc.*, No. 12-cv-858, 2013 WL 5464706, at *1-*2 (N.D.N.Y. Sept. 30, 2013) (granting motion to redact portions of transcript of proceedings that occurred in open courtroom, over defendant's argument that redactions were already publicly disclosed in open court).  Here, as in *Exelis*, the courtroom was open, but no members of the public attended.  *See*

---

[1] Pool Deals also seeks to redact the dollar estimate of the disputed shipping charges.  *See* Dkt. 59-2, at 6.  Alone, this dollar amount would not require redaction.  But, when considered in context, this dollar amount allows the reader to ascertain Pool Deals' 2018 profits.  Accordingly, Pool Deals' interest in redacting this figure outweighs the public's interest in access for the same reasons that its interest in keeping its financial information confidential outweighs the public's interest.

*Exelis*, 2013 WL 5464706, at *1 (noting that "the courtroom . . . was technically open but was not visited by members of the public at the time").

Moreover, the redacted content was not the basis for the Court's decision on Pool Deals' motion for preliminary injunction. *Cf. Kairam v. West Side GI, LLC*, No. 18-cv-1005, 2018 WL 6712723, at *1 (S.D.N.Y. Nov. 29, 2018) (denying motion to seal portions of transcript where proposed redactions were "central to the Court's recommendation regarding" a party's claim). The Court granted Pool Deals' motion to the extent of the parties' agreement to extend the temporary restraining order based on the parties' agreement, not based on the redacted testimony—or, for that matter, any testimony. *See* Dkt. 54.

## CONCLUSION

For the reasons stated above, the Court grants Pool Deals' motion to redact certain portions of the transcript of the March 3, 2020 preliminary injunction hearing (Dkt. 59).

SO ORDERED.

Dated: May 18, 2020
       Buffalo, New York

                                     s/ John L. Sinatra, Jr.
                                     JOHN L. SINATRA, JR.
                                     UNITED STATES DISTRICT JUDGE